IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SPORTFUEL, INC., <br><br> Plaintiff, <br><br> v. <br><br> PEPSICO, INC. and THE GATORADE COMPANY, <br><br> Defendants. | Case No. 16-cv-07868 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff SportFuel, Inc. complains of Defendants PepsiCo, Inc. and The Gatorade Company as follows:

## NATURE OF CASE

1. This Complaint includes claims for trademark infringement under 15 U.S.C. § 1051 *et seq*.; for unfair competition and false designation of origin in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a); and for Illinois State statutory and common law trademark infringement and unfair competition.

## PARTIES

2. Plaintiff SportFuel, Inc. ("SportFuel, Inc.") is an Illinois corporation with its principal place of business in Western Springs, Illinois.

3. Defendant PepsiCo, Inc. ("PepsiCo") is a North Carolina corporation with a principal executive office in Purchase, New York.

4. Defendant The Gatorade Company ("Gatorade") is a Delaware corporation with a principal place of business in Chicago, Illinois. Gatorade is a wholly owned subsidiary of PepsiCo.

5. PepsiCo and Gatorade are hereinafter collectively referred to as "Defendants."

**BACKGROUND**

6. SportFuel, Inc. is an integrative nutrition consulting firm that incorporates professional nutrition programs into everyday living. SportFuel, Inc.'s customized nutrition programs include, *inter alia*, nutrition assessment, nutritional testing, coaching and recommendations for diet and lifestyle changes, homeopathics, herbs, vitamins, minerals, and specific supplement formulations. Over the past two decades, SportFuel, Inc. has performed nutritional consulting for a number of elite sports teams, including the Chicago Blackhawks, the Chicago White Sox, the Chicago Bears, the Chicago Bulls, Northwestern University's varsity teams, and individual professional athletes worldwide.

7. Ms. Julie Burns ("Ms. Burns") is the owner and founder of SportFuel, Inc. Ms. Burns served on the Gatorade Sport Science Institute's Sport Nutrition Advisory Board from 1995 to 2003 and provided various consulting services for Gatorade during that time span. Ms. Burns incorporated SportFuel, Inc. in April 1993 and operated under the SportFuel, Inc. name while working with Gatorade from 1995 to 2003.

8. SportFuel, Inc. owns and has standing to sue for infringement of United States Patent and Trademark Office ("USPTO") Reg. Nos. 4,832,297 (standard character mark of SPORTFUEL for goods and services related to dietary supplements and sports drinks enhanced with vitamins) and 3,495,513 (standard character mark of SPORTFUEL for goods and services related to food nutrition consultation; nutrition counseling; and providing information about dietary supplements and nutrition) (collectively, the "SportFuel Marks").

9. The SportFuel Marks are in full force and effect. SportFuel, Inc.'s USPTO Reg. No. 3,495,513 has become incontestable pursuant to 15 U.S.C. § 1065.

10. Defendants do not have any license rights to use the SportFuel Marks or any terms and/or designs that are confusingly similar thereto.

11. Any product or advertisement bearing the SportFuel Marks is immediately associated by purchasers, potential purchasers and the public as being a product of, and affiliated with, SportFuel, Inc.

12. Defendants have used and are using in interstate commerce nutrition products that include Gatorade's Recover Whey Protein Powder, Recover Whey Protein Bars, Protein Shake, Energy Chews, Fuels Bar, Sports Fuels Drink, Low Calorie G2 Powder, Thirst Quencher Powder, and Soccer Formula Drink that are confusingly similar to SportFuel, Inc.'s products and services under the SportFuel Marks. Additionally, Defendants have used and are using in interstate commerce automated nutrition counseling products and services that include the Hydration Tracking System that is confusingly similar to the SportFuel Marks as used in SportFuel, Inc.'s nutrition counseling products and services. Gatorade also recently launched a national advertising campaign, marketing itself as "The Sports Fuel Company," which consumers are likely to believe is authorized, sponsored, affiliated with, or associated with SportFuel, Inc. Collectively, the aforementioned nutrition products, the nutrition counseling products and services, and the advertising thereto are referred to as the "Infringing Products and Services." Accordingly, Defendants are infringing upon the SportFuel Marks.

13. Defendants' unauthorized and unlicensed use of the Infringing Products and Services, including in connection with the advertising and sale of dietary supplements, sports drinks enhanced with vitamins, food nutrition consultation, nutrition counseling, and information about dietary supplements and nutrition, is likely to cause confusion, mistake, and deception as to

3

the origin, affiliation, sponsorship, endorsement, or approval of Defendants' nutrition products and counseling services.

## JURISDICTION AND VENUE

14. This Court has original subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, and 1338.

15. This Court has general personal jurisdiction over each Defendant because, among other things, Defendants have business locations at 555 West Monroe Street, Chicago, Illinois 60661 and 617 West Main Street, Barrington, Illinois 60010, and advertise and solicit business in Illinois. Further, PepsiCo has designated an agent for service of process in this State, and Gatorade has a principal place of business located in this District. Defendants, therefore, have continuous and systematic contacts with the State of Illinois such that they could reasonably foresee being brought into court in Illinois.

16. This Court also has specific personal jurisdiction over each Defendant. Defendants transact business in this district at least by offering to sell, selling and advertising the Infringing Products and Services in such a way as to purposefully reach out to customers in Illinois and this judicial district through their retail sales located in this district, as well as through their websites, thus specifically committing acts of infringement in this judicial district, separately and collectively. Defendants have purposefully availed themselves of the privilege of conducting business with residents of this judicial district and have established sufficient minimum contacts with the State of Illinois such that they should reasonably and fairly anticipate being brought into court in Illinois. Accordingly, the exercise of jurisdiction over Defendants comports with the traditional notions of fair play and substantial justice.

17. Venue is proper in this district under 28 U.S.C. § 1391(b).

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

18. SportFuel, Inc. repeats and incorporates by reference the allegations contained in the preceding paragraphs as if set forth fully herein.

19. This Court has jurisdiction over the subject matter of this claim for trademark infringement under the Trademark Laws of the United States as codified in 15 U.S.C. § 1051 *et seq*.

20. Defendants' unlicensed use of the SportFuel Marks in connection with the sale, offering for sale, distribution, marketing, and advertising of the Infringing Products and Services in interstate commerce, without the consent of SportFuel, Inc., has caused and is likely to cause confusion, mistake, or deception among the consuming public, and creates the false impression that Defendants' Infringing Products and Services are authorized, sponsored, or approved by SportFuel, Inc.

21. Based on SportFuel, Inc.'s continuous and exclusive use, extensive advertising, sales, and the popularity of the SportFuel Marks, the SportFuel Marks have acquired secondary meaning for SportFuel, Inc. Any product and advertisement bearing such trademarks is immediately associated by purchasers, potential purchasers, and the public as being a product of, and affiliated with, SportFuel, Inc.

22. As a result of Defendants' unauthorized and unlicensed use in the United States of the SportFuel Marks in connection with Defendants' manufacture, advertising, and sale of the Infringing Products and Services, consumers are, and are likely to be, confused into thinking that

5

SportFuel, Inc.'s products and services bearing the SportFuel Marks emanate from, are affiliated with or connected to, or are sponsored by Defendants.

23.    SportFuel, Inc. has been directly injured by Defendants' infringing activities.

24.    Defendants have copied and imitated the SportFuel Marks in connection with selling, distributing, and advertising Defendants' Infringing Products and Services.

25.    Defendants' conduct is intended to exploit the goodwill and reputation associated with the SportFuel Marks. Defendants' Infringing Products and Services are sold in the same channels of trade to the same consumers as SportFuel, Inc.'s products and services.

26.    Defendants' unauthorized and unlicensed use of the SportFuel Marks has resulted in Defendants unfairly benefiting from SportFuel, Inc.'s advertising and promotion, and profiting from SportFuel, Inc.'s reputation and its registered trademarks, to the substantial and irreparable injury of the public, SportFuel, Inc., the SportFuel Marks, and the substantial goodwill represented thereby.

27.    Defendants' aforesaid acts constitute trademark infringement in violation of section 32 of the Lanham Act, 15 U.S.C. § 1114.

28.    SportFuel, Inc. has suffered actual damages as a result of Defendants' infringement. In addition, Defendants' acts have caused, and will continue to cause, great and irreparable injury to SportFuel, Inc., and unless such acts are restrained by this Court, Defendants will continue such acts, thereby causing SportFuel, Inc. to continue to suffer substantial and irreparable harm for which it has no adequate remedy at law.

29. Defendants' infringement has been knowing, intentional, and willful, entitling SportFuel, Inc. to increased damages, statutory damages, prejudgment interest, attorney fees, and costs.

## COUNT II
## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

30. SportFuel, Inc. repeats and incorporates by reference the allegations contained in the preceding paragraphs as if set forth fully herein.

31. This Court has jurisdiction over the subject matter of this claim for unfair competition and false designation of origin arising under section 43(a) of the Lanham Act, codified in 15 U.S.C. § 1125(a).

32. Defendants were fully aware of the popularity of SportFuel, Inc.'s nutrition products and counseling services and the clear association of the SportFuel Marks with these products and services. Defendants intentionally copied and offered in interstate commerce Infringing Products and Services, including in connection with the advertising and sale of dietary supplements, sports drinks enhanced with vitamins, food nutrition consultation, nutrition counseling, and information about dietary supplements and nutrition, that are likely to cause confusion, mistake, and deception as to the origin, affiliation, sponsorship, endorsement, or approval of Defendants' nutrition products and counseling services, and to impair the distinctiveness of the SportFuel Marks. As a result, the public is, and is likely to be, confused.

33. Defendants have used in commerce, and continue to use in commerce, the SportFuel Marks to unfairly benefit from SportFuel, Inc.'s success by selling the same or similar products and services bearing the same or confusingly similar terms and/or designs associated with the SportFuel Marks in this jurisdiction.

34. Defendants could have selected alternative names and/or designs for their nutrition products and counseling services.

35. Defendants have used the SportFuel Marks on their Infringing Products and Services with the intent to confuse the purchasing public into believing that Defendants' Infringing Products and Services and/or Defendants are authorized, sponsored, affiliated with, or associated with SportFuel, Inc., and to trade upon SportFuel, Inc.'s reputation for high-quality and to improperly appropriate to themselves SportFuel, Inc.'s valuable trademark rights.

36. As a result of Defendants' unauthorized and unlicensed use in the United States of the SportFuel Marks in connection with Defendants' manufacture, advertising, and sale of the Infringing Products and Services, consumers are, and are likely to be, confused into thinking that SportFuel, Inc.'s products and services bearing the SportFuel Marks emanate from, are affiliated with or connected to, or are sponsored by Defendants, or vice versa.

37. Sales of the Infringing Products and Services by Defendants are likely to cause consumer confusion; consumers will believe that Defendants' Infringing Products and Services are either manufactured, licensed, affiliated with or sponsored by SportFuel, Inc. or are being placed on the market with SportFuel, Inc.'s consent and/or actual or implied authority. As a result, SportFuel, Inc. has been and will continue to be irreparably injured by Defendants' improper acts.

38. Defendants have willfully and deliberately created such confusion by copying and reproducing the distinctive SportFuel Marks associated with SportFuel, Inc.'s nutrition products and counseling services; and have advertised and sold, and threaten to advertise and sell, their products and services so as to cause public confusion and deception. Further, Defendants' sales and offers for sale of their products and services have caused and threaten to cause SportFuel, Inc.

the loss of its valuable goodwill and reputation for making and selling distinctive, unique and high-quality nutrition products and counseling services under the SportFuel, Inc. name.

39. Defendants' aforesaid acts constitute the use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to falsely or misleadingly describe and/or represent Defendants' products and services as those of SportFuel, Inc. in violation of section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

40. SportFuel, Inc. has suffered actual damages as a result of Defendants' aforesaid acts. In addition, Defendants' acts have caused, and will continue to cause, great and irreparable injury to SportFuel, Inc., and unless such acts are restrained by this Court, Defendants will continue such acts, thereby causing SportFuel, Inc. to continue to suffer substantial and irreparable harm for which it has no adequate remedy at law.

41. Defendants' aforesaid acts have been knowing, intentional, and willful, entitling SportFuel, Inc. to increased damages, statutory damages, prejudgment interest, attorney fees, and costs.

## COUNT III
## STATE STATUTORY AND COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

42. SportFuel, Inc. repeats and incorporates by reference the allegations contained in the preceding paragraphs as if set forth fully herein.

43. This claim arises under the pertinent statutes and common law of this State relating to trademark infringement and unfair competition. This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of unfair

9

competition joined with a substantial and related claim under the Trademark Laws of the United States, and under 28 U.S.C. § 1367.

44. Defendants' wrongful conduct constitutes unfair methods of competition and unfair and deceptive acts or practices in trade or commerce and creates a likelihood of confusion, misunderstanding or deception in the public's mind as to the origin of the parties' goods and services, all in violation of 815 ILCS 505/1 *et seq.*, 815 ILCS 510/1 *et seq.*, and the common law of Illinois.

45. SportFuel, Inc. is the owner of all right, title, and interest in and to the SportFuel Marks, trade names, designs, symbols, and logos used by SportFuel, Inc. by virtue of its extensive development and sale of nutrition products and counseling services bearing such trade names, trademarks, designs, symbols, and logos (collectively, SportFuel, Inc.'s "common law trademarks") as set forth in the preceding paragraphs of this Complaint. In particular, because of its extensive sales and publicity, SportFuel, Inc. has acquired common law trademark rights in and to the term "SPORTFUEL" and confusingly similar variations thereof for its nutrition products and counseling services.

46. The Infringing Products and Services imported, advertised, distributed, offered for sale, and/or sold by Defendants incorporate matter constituting replicas and imitations of SportFuel, Inc.'s common law trademarks. Such unauthorized use by Defendants of SportFuel, Inc.'s common law trademarks constitutes trademark infringement and unfair competition, and is likely to cause confusion and mistake in the minds of the trade and the purchasing public as to the source of the nutrition products and counseling services and to cause purchasers or potential

purchasers to believe such products and services are associated with SportFuel, Inc. when, in fact, they are not.

47. Defendants' unauthorized and unlicensed use in the United States of SportFuel, Inc.'s common law trademarks in connection with Defendants' manufacture, advertising, and sale of the Infringing Products and Services has caused a likelihood that consumers will be confused into thinking that SportFuel, Inc.'s products and services bearing SportFuel, Inc.'s common law trademarks emanate from, are affiliated with or connected to, or are sponsored by Defendants.

48. Defendants have willfully and intentionally misappropriated one or more of SportFuel, Inc.'s common law trademarks with the intent of causing confusion, mistake, and deception as to the source of their goods and services. Accordingly, Defendants have committed trademark infringement and unfair competition under the common law.

49. By such actions in infringing SportFuel, Inc.'s common law trademarks, Defendants are improperly trading upon the reputation and goodwill of SportFuel, Inc. and impairing SportFuel, Inc.'s valuable rights in and to such trademarks.

50. Defendants committed the above alleged acts in conscious disregard of SportFuel, Inc.'s rights, and SportFuel, Inc. is therefore entitled to exemplary and punitive damages pursuant to the common law of the State of Illinois.

51. SportFuel, Inc. has no adequate remedy at law. Defendants' conduct has caused and, if not enjoined, will continue to cause, irreparable damage to SportFuel, Inc.'s rights in and to its trademarks, and to SportFuel, Inc.'s business, reputation, and goodwill.

## **PRAYER FOR RELIEF**

WHEREFORE, SportFuel, Inc. respectfully prays for the following relief:

A. That judgment be entered in favor of SportFuel, Inc. and against Defendants on each claim made in the Complaint;

B. That the Court order that Defendants, their officers, agents, directors, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with Defendants, be immediately and permanently enjoined from:

1. directly or indirectly infringing the SportFuel Marks as described above in any manner including generally, but not limited to, copying, distributing, advertising, selling, and/or offering for sale any merchandise that infringes the SportFuel Marks, including, without limitation, Defendants' Infringing Products and Services, and specifically distributing, advertising, selling, and/or offering for sale unauthorized copies of the SportFuel Marks and/or the design or any other unauthorized goods or services that picture, reproduce, or utilize the likenesses of or which copy or bear a substantial similarity to any of the SportFuel Marks;

2. using the SportFuel Marks or marks confusingly similar thereto;

3. engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive purchasers, potential purchasers, Defendants' customers, and/or members of the public to believe that, the actions of Defendants, the products and services sold by Defendants, or Defendants themselves are connected with SportFuel, Inc., are sponsored, approved, or licensed by SportFuel, Inc., or are in some way connected or affiliated with SportFuel, Inc.;

    4. otherwise competing unfairly with SportFuel, Inc. in any manner; and/or

    5. eroding the distinctiveness of the SportFuel Marks and damaging SportFuel, Inc.'s goodwill, reputation, and business;

C. That SportFuel, Inc. be awarded damages in an amount sufficient to compensate it for the injuries it has sustained by reason of Defendants' unlawful acts, including SportFuel, Inc.'s loss of goodwill, loss of past and/or future sales, and damages caused by Defendants' acts of trademark infringement, unfair competition, false designation of origin, and Illinois State statutory and common law trademark infringement and unfair competition. That SportFuel, Inc. be awarded increased damages based upon the intentional and willful nature of Defendants' conduct of the kind complained of herein. That SportFuel, Inc. be awarded all gains, profits and advantages received by Defendants from the sale of their Infringing Products and Services and any other products and services that infringe upon SportFuel, Inc.'s trademark rights;

D. That SportFuel, Inc. be awarded all additional remedies provided for in 15 U.S.C. § 1117;

E. That Defendants be ordered to deliver up for destruction all advertisements, circulars, brochures, and any other items in their possession, custody or control bearing the SportFuel Marks or any other similar designations;

F. That Defendants be ordered to (a) prepare and send to their customers and the general public corrective statements approved by SportFuel, Inc., correcting all false statements made and all misrepresentations made concerning the SportFuel Marks; (b) disclaim any association between Defendants and SportFuel, Inc. and/or SportFuel, Inc.'s products and services; and, (c) recall and make reasonable efforts to obtain the return of any infringing or confusingly similar products and services from their customers;

13

G. That SportFuel, Inc. be awarded punitive damages for Defendants' willful and malicious acts of common law unfair competition; and

H. That the Court provide SportFuel, Inc. with such other and further relief as it deems just and proper, or that SportFuel, Inc. may be entitled to under the law, including but not limited to attorney fees, costs and interest.

## JURY DEMAND

SportFuel, Inc. demands a trial by jury on all issues presented in this Complaint.


Respectfully submitted,

*/s/ Raymond P. Niro, Jr.*
Raymond P. Niro, Jr.
Kyle D. Wallenberg
NIRO McANDREWS, LLC
200 W. Madison St., Suite 2040
Chicago, IL 60606
(312) 755-8575
Fax: (312) 674-7481
rnirojr@niro-mcandrews.com
kwallenberg@niro-mcandrews.com

Vincent Pinelli
Burke Burns & Pinelli, Ltd.
70 West Madison Street
Suite 4300
Chicago, Illinois 60602
(312) 541-8600
Fax:(312) 541-8603
vpinelli@bbp-chicago.com

*Attorneys for Plaintiff,*
SportFuel, Inc.