**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SPORTFUEL, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16 C 7868 |
| | ) |
| PEPSICO, INC., and THE GATORADE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

SportFuel, Inc., which owns the registered trademark SPORTFUEL, sued PepsiCo, Inc. and its wholly-owned indirect subsidiary, The Gatorade Company (Gatorade) over Gatorade's use of the advertising slogan "Gatorade The Sports Fuel Company."[1] SportFuel asserts claims of trademark infringement, unfair competition, and false designation of origin under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) (counts 1 and 2), and parallel claims of trademark infringement and unfair competition under state statutory and common law (count 3). Gatorade has counterclaimed for the

---

[1] Gatorade also uses the term "Sports Fuel" in connection with its Gatorade Prime Sports Fuel Drink. See dkt. no. 61, Mazur Decl. in Supp. of Mot. for Summ. J. (Mazur Decl.), Ex. A (Burns Dep.), Ex. 22. Although Gatorade addressed both its use of the slogan "Gatorade The Sports Fuel Company" and its use of the phrase "Sports Fuel Drink" in connection with the Gatorade Prime drink in its motion for summary judgment, SportFuel's response addressed only the slogan. The Court will therefore assume that SportFuel has waived any claim based on Gatorade's use of the phrase "Sports Fuel Drink" and will follow SportFuel's lead in addressing only Gatorade's use of the "Gatorade The Sports Fuel Company" slogan.

cancellation of SportFuel's trademark registration. Gatorade has moved to exclude the testimony and survey evidence of Kenneth Hollander and James Berger, SportFuel's experts, and for summary judgment on all counts of the complaint. For the reasons stated below, the Court grants Gatorade's motion for summary judgment and denies as moot the motions to exclude SportFuel's expert testimony and survey evidence.

## Background

The following facts are taken from the parties' statements of undisputed facts and the exhibits attached to or referenced by those statements.

SportFuel, Inc. is a Chicago-based sports nutrition and wellness consulting firm. Julie Burns, a clinical nutritionist and registered dietician, founded SportFuel in 1993. In addition to being the Chicago Blackhawks' team nutritionists and providing personalized performance nutrition consulting services for individuals, SportFuel also sells a variety of SportFuel-branded dietary supplement powders and capsules. SportFuel owns two registered trademarks for the name SPORTFUEL: one for "food nutrition consultation," "nutrition counseling," and "providing information about dietary supplements and nutrition" (Reg. No. 3,495,513) and another for "dietary supplements" and "sports drinks enhanced with vitamins" (Reg. No. 4,832,297). Pl.'s Statement of Additional Facts (SAF), Ex. 13, at 32, 68. SportFuel's Burns served on the Gatorade Sports Science Institute's Sports Nutrition Advisory Board in her capacity as a nutritionist from 1995 to 2003.

Although Gatorade continues to sell its well-known sports drinks, it now sells a wider variety of food and beverage products, including bars, chews, protein bars, protein shakes, protein powders, and gels. Gatorade also offers its Gx Personalized

2

Hydration System—in which scientists create personalized formulas and hydration plans for athletes based on an analysis of their sweat—to "select professional athletic teams." Pl.'s Resp. to Defs.' Statement of Undisputed Material Facts (SUMF) ¶ 4.

Gatorade has used variations of the word "fuel" in its marketing for close to twenty years. *See, e.g.*, Mazur Decl., Ex. C (Gatorade offers "tips on how to avoid dehydration, by rehydrating, so you can go stronger, last longer, respect the heat, stay cooled and fueled"); Mazur Decl., Ex. D (Gatorade keeps athletes "refueled, rehydrated and at the top of their game"). Gatorade began using the phrase "sports fuel" internally in 2012. Internal Gatorade marketing strategy presentations from 2012 onward repeatedly reference "Sports Fuel" products, which the presentations describe as "[i]tems specifically designed to improve athletic performance." Mazur Decl., Ex. H, at 3; *see also* Mazur Decl., Ex. K, at 4 (differentiating sports fuel products from sports nutrition products). These marketing presentations also refer to brands and companies that Gatorade has identified as competitors in the "Sports Fuel" market. *See* Mazur Decl., Ex. H, at 5; Mazur Decl., Ex. G, at 6. As part of Gatorade's self-described effort to "rebrand itself as 'Gatorade – The Sports Fuel Company,'" the company began using the slogan "Gatorade The Sports Fuel Company" in nationwide media in 2015. Mazur Decl., Ex. K, at 3. The goal of this rebranding effort was to "position Gatorade as THE fueling company that is continually innovating to create sports fuel solutions to help athletes perform at their best." *Id.* Gatorade was aware of SportFuel's trademarks before it began using the slogan.

Gatorade registered GATORADE THE SPORTS FUEL COMPANY as a trademark in 2016 (Reg. No. 5,025,026), but it disclaimed the exclusive right to use

3

"The Sports Fuel Company." See Mazur Decl., Ex. L, at 2. According to Andrew Hartshorn, the chief marketing officer and vice president of Gatorade, Gatorade uses its Gatorade house mark and / or the following G-bolt design mark on all of its packaging and advertisements:



See dkt. no. 59, Hartshorn Decl. in Supp. of Mot. for Summ. J. (Hartshorn Decl.) ¶ 25. Hartshorn also stated that Gatorade does not use the slogan "Gatorade The Sports Fuel Company" on any product packaging or labeling.[2] See id. ¶ 20.

SportFuel filed this suit against Gatorade and PepsiCo in August 2016. As previously noted, SportFuel has alleged trademark infringement, unfair competition, and false designation of origin in violation of the Lanham Act, and it also asserts claims of trademark infringement and unfair competition under state statutory and common law. Gatorade has moved to exclude SportFuel's expert testimony and survey evidence regarding the likelihood of consumer confusion resulting from Gatorade's use of the advertising slogan "Gatorade The Sports Fuel Company." Gatorade has also moved for summary judgment.

## Discussion

When considering a motion for summary judgment, the Court views the record in the light most favorable to the non-moving party, drawing reasonable inferences in favor of that party. See Sorensen v. WD-40 Co., 792 F.3d 712, 722 (7th Cir. 2015). A grant of summary judgment is appropriate "if the movant shows that there is no genuine

---

[2] SportFuel disputes this fact on the ground that the terms "packaging" and "labeling" are vague, but it does not cite to any record evidence of use of the slogan on anything that could be described as product packaging or labeling.

4

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," a genuine issue of material fact exists, and summary judgment must be denied. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Gatorade has moved for summary judgment on all counts of the complaint on two separate grounds. Gatorade first argues that summary judgment is warranted because SportFuel has failed to present evidence from which a reasonable jury could find likelihood of confusion, a necessary element of all of SportFuel's claims. Gatorade also contends that its use of the term "Sports Fuel" in the slogan "Gatorade The Sports Fuel Company" is a fair use protected by the Lanham Act. Because, as explained below, the Court finds Gatorade's second argument persuasive and dispositive of SportFuel's claims, it addresses only that argument.

SportFuel's Illinois statutory and common law trademark infringement and unfair competition claims are based on the same set of facts and analyzed under the same legal standards as its Lanham Act claims. *See, e.g.*, *Bedrock Mgmt., Inc. v. Peoples Choice Entm't, Inc.*, No. 14-CV-06624, 2014 WL 4979270, at *2 (N.D. Ill. Oct. 6, 2014); *SB Designs v. Reebok Int'l, Ltd.*, 338 F. Supp. 2d 904, 914 (N.D. Ill. 2004). In the present case, neither party suggests that any of the issues briefed are to be analyzed differently with respect to the claims brought under Illinois law. The Court thus concludes that SportFuel's state law claims and its Lanham Act claims rise or fall together. *See Walt-W. Enters., Inc. v. Gannett Co.*, 695 F.2d 1050, 1054 n.4 (7th Cir. 1982).

To prevail on its Lanham Act and parallel state law claims, SportFuel must

5

establish (1) that its marks are protectable, and (2) Gatorade's use of the marks is likely to cause confusion among consumers. *See Packman v. Chicago Tribune Co.*, 267 F.3d 628, 638 (7th Cir. 2001); *Rust Env't & Infrastructure, Inc. v. Teunissen*, 131 F.3d 1210, 1214 (7th Cir. 1997). Under section 1115(b)(4) of Lanham Act, however, the "fair use" defense allows a junior user of a mark to use the mark "in good faith in its descriptive sense, as opposed to its trademark sense." *Ideal Indus., Inc. v. Gardner Bender, Inc.*, 612 F.2d 1018, 1027 (7th Cir. 1979); *see also* 15 U.S.C. § 1115(b)(4); *Sorensen v. WD-40 Co.*, 792 F.3d at 722. The fair use defense "is based on the principle that no one should be able to appropriate descriptive language through trademark registration." *Packman*, 267 F.3d at 639 (citation omitted). To prevail on a fair use defense, the defendant must show that (1) it did not use the mark as a trademark; (2) the mark is descriptive of the defendant's goods or services, and; (3) it used the mark "fairly and in good faith." *Sorensen*, 792 F.3d at 722.

To satisfy the first element of the fair use defense, Gatorade must show that it did not use "Sports Fuel" as a trademark. *Packman*, 267 F.3d at 639. "A word or phrase functions as a trademark when it is used by a source of a product to identify itself to the public as the source of its product and to create in the public consciousness an awareness of the uniqueness of the source and of its products." *Sorensen*, 792 F.3d at 722-23 (citation omitted).

Gatorade contends that it uses the term "Sports Fuel" in its slogan "Gatorade The Sports Fuel Company" to describe the type of products it sells rather than to signify the source of its products. It is undisputed that Gatorade uses its name and G-bolt design mark on its product packaging and advertising. Nonetheless, the fact that

6

Gatorade always uses its house mark and / or G-bolt design mark as a source indicator does not mean that the words "Sports Fuel" cannot also serve to indicate the source of Gatorade's products; a product may contain more than one source indicator. *See id.* at 723. For example, in *Sands, Taylor & Wood Co. v. Quaker Oats Co.*, 978 F.2d 947 (7th Cir. 1992), the Seventh Circuit affirmed the district court's conclusion that Gatorade's use of the words "Thirst Aid" in the slogan "Gatorade is Thirst Aid" was a trademark use even when used in conjunction with the well-known Gatorade trademark. *Id.* at 954. In that case, however, the court concluded that the advertisements that employed the slogan did "not simply use the words 'Thirst Aid' in a sentence describing Gatorade, but as an 'attention-getting symbol.'" *Id.* (quoting 1 J. Thomas McCarthy, *Trademarks and Unfair Competition* § 11:17, at 476 (1991 Supp.)). Specifically, the court noted not only that the words "Thirst Aid" appeared "more prominently and in larger type" than the word "Gatorade," but also that the rhyming quality of the words was likely to create a very strong association between them. *Id.*

The present case is different. In almost all of the instances in which Gatorade uses the slogan "Gatorade The Sports Fuel Company," the word Gatorade appears above the words "The Sports Fuel Company" and in noticeably larger—and bolder—type. *See, e.g.*, Pl.'s SAF, Ex. 1 (Hartshorn Dep.), Exs. 7-13, 15; Pl.'s SAF, Ex. 2; Pl.'s SAF, Ex. 6; Mazur Decl., Ex. K, at 2; Mazur Decl., Ex. N; Mazur Decl., Ex. R. Because a picture is worth a thousand words, the following images are provided as examples of the ways in which Gatorade's slogan has appeared in advertising:

7



Hartshorn Dep., Ex. 8.



Hartshorn Dep., Ex. 13

8



Pl.'s SAF, Ex. 2. In the few advertisements of record in which "Gatorade" and "The Sports Fuel Company" appear on the same line and in the same size font, "Gatorade" still stands out because it is the only word that appears in bold:



Pl.'s SAF, Ex. 16.



Mazur Decl., Ex. S. The fact that the Gatorade house mark appears more prominently than the rest of the slogan reduces the likelihood that Gatorade is using "Sports Fuel" as an indicator of source. *See Packman*, 267 F.3d at 639-40. Additionally, as previously noted, Gatorade's Chief Marketing Officer Hartshorn has stated that Gatorade does not use the slogan "Gatorade The Sports Fuel Company" on specific product packaging or labeling, and his testimony on this point is not meaningfully disputed. That is where a consumer would most expect to find source identifiers. *See Bell v. Harley Davidson Motor Co.*, 539 F. Supp. 2d 1249, 1258 (S.D. Cal. 2008).

     SportFuel counters that Hartshorn admitted during his deposition that Gatorade uses "Sports Fuel" as a trademark, thereby creating a genuine factual dispute on the issue of non-trademark use. The Court is not persuaded. As an initial matter, Hartshorn did not state, as SportFuel claims, that Gatorade uses the term "Sports Fuel" as a trademark. Rather, he stated, "I think . . . the combination of Gatorade – The Sports Fuel Company is a trademark." Hartshorn Dep. 61:23-62:1. Secondly,

Hartshorn is not an expert in trademarks; his opinion regarding whether Gatorade uses a particular phrase as a trademark is meaningless. Lastly, Gatorade places a "TM" notification after the slogan "Gatorade The Sports Fuel Company" because it did indeed register the slogan as a trademark. In the trademark registration, however, Gatorade specifically disclaimed the exclusive right to use the phrase "The Sports Fuel Company," which the Patent and Trademark Office found to be an unregistrable component of the mark because "it merely describes an ingredient, quality, characteristic, function, feature, purpose, or use of [the] applicant's goods and / or services." *See* Mazur Decl., Ex. L, at GAT 0000289. SportFuel also argues that summary judgment is precluded by the fact that Gatorade capitalizes the words "Sports Fuel" within the slogan and has characterized its adoption of the slogan as a "rebranding" effort. Even when all reasonable inferences are drawn in SportFuel's favor, however, this evidence, without more, is insufficient to create a triable factual dispute regarding Gatorade's non-trademark use of the term "Sports Fuel."

To establish the second element of fair use, Gatorade must show that the phrase "Sports Fuel," as used by Gatorade, is descriptive of its goods or services. *Packman*, 267 F.3d at 639; *Sunmark, Inc. v. Ocean Spray Cranberries, Inc.*, 64 F.3d 1055, 1059 (7th Cir. 1995). A descriptive term imparts information directly. *Packman*, 267 F.3d at 641. By contrast, a suggestive term "requires some operation of the imagination to connect it with the goods" in question. *Sands, Taylor & Wood Co.*, 978 F.2d at 952 (citation omitted). A phrase need not necessarily be a familiar one to be found descriptive; as the Seventh Circuit has explained, the simple fact "[t]hat a term is an unfamiliar one which requires a hearer to think about its meaning does not show that it

11

is suggestive."  *Id.* at 953 (internal quotation marks and citation omitted).

Gatorade contends that its use of "Sports Fuel" is descriptive as a matter of law, because it "takes no imagination to connect foods and beverages designed to be consumed before, during, or after sports activity as 'sports fuel.'"  Defs.' Mem. in Supp. of Mot. for Summ. J at 34.  SportFuel, on the other hand, insists that Gatorade's slogan is suggestive because a "mental leap [is required] to get from SPORTS to athlete and from FUEL to nutrition."  Pl.'s Resp. to Mot. for Summ. J. at 33.  The U.S. Patent and Trademark Office appears to agree with Gatorade on this point; it explained in an August 2015 letter to Gatorade that the phrase "The Sports Fuel Company" was not protectable precisely because it was descriptive in nature.[3]  *See* Mazur Decl., Ex. L, at GAT 0000289 ("As SPORTS FUEL is commonly used in reference to sports nutrition, consumers encountering the wording THE SPORTS FUEL COMPANY in the proposed mark would readily understand it to mean that the goods are provided by a company that provides sports nutrition.").  That aside, Gatorade's internal marketing presentations and documents regarding the slogan in question also support its contention that it uses the term "Sports Fuel" descriptively.  As previously noted, these documents define Sports Fuel products as "[i]tems specifically designed to improve athletic performance" and express the company's desire to position itself as "THE fueling company that is continually innovating to create sports fuel solutions to help athletes perform at their

---

[3] As previously noted, Gatorade has disclaimed exclusive rights to the use of the phrase "The Sports Fuel Company."  Although, as SportFuel points out, the marks "Gatorade The Sports Fuel Company" and "SportFuel" are presumed to be suggestive rather than descriptive because they were registered without proof of secondary meaning, no such presumption is afforded to the phrase "The Sports Fuel Company" or the term "Sports Fuel."

12

best." Mazur Decl., Ex. H, at 3; Mazur Decl., Ex. K, at 3..

The only purportedly contrary evidence offered by SportFuel on this point is the fact that neither "SportFuel" nor "Sports Fuel" are dictionary-defined terms. But the phrase "sports nutrition" isn't found the dictionary either, and that doesn't mean it is a suggestive term that can't be used descriptively. *Cf. Liquid Controls Corp. v. Liquid Control Corp.*, 802 F.2d 934, 938 (7th Cir. 1986) ("numerous terms have been found to be generic despite their absence from the dictionary"). In sum, SportFuel has not presented evidence giving rise to a genuine factual dispute regarding whether Gatorade uses the term "Sports Fuel" to describe the nature of the products it sells.

To establish the third and final element of the fair use defense, Gatorade must show that it used the phrase "Sports Fuel" "'fairly and in good faith' only to describe [its] goods or services." *Packman*, 267 F.3d at 639 (quoting 15 U.S.C. § 1115(b)(4)). Gatorade's good faith may be judged "only by inquiry into its subjective purpose in using" the phrase. *M. B. H. Enters., Inc. v. WOKY, Inc.*, 633 F.2d 50, 54 (7th Cir. 1980).

Gatorade argues that there is no genuine factual dispute on the point. It points to the following as evidence of good faith: (1) the term "sports fuel" accurately describes Gatorade's expanded product line, (2) it disclaimed exclusive rights to "The Sports Fuel Company" in its registered trademark "Gatorade The Sports Fuel Company," and (3) its use of its famous name and G-bolt design mark in conjunction with the advertising slogan in question leaves no doubt regarding the source of its products. SportFuel contends that summary judgment is not warranted on the issue of Gatorade's intent because (1) Gatorade was aware of SportFuel's marks prior to rolling out its slogan, (2) Gatorade did not stop using the slogan after being "placed on notice of infringement,"

13

and (3) it "mysteriously did not produce any internal documents approving the 'Sports Fuel' marketing campaign." Pl.'s Resp. to Mot. for Summ. J. at 35.

SportFuel's evidence is insufficient to create a genuine factual dispute regarding Gatorade's good-faith use of the term "Sports Fuel" in its slogan. As an initial matter, evidence that Gatorade had knowledge of SportFuel's mark is insufficient to permit a reasonable inference of bad faith; to survive summary judgment, SportFuel "must point to something more that suggests subjective bad faith." *Sorenson*, 792 F.3d at 725. And the fact that Gatorade did not stop using the slogan after SportFuel filed this lawsuit alleging infringement is not probative of bad faith; Gatorade maintains that its use of the slogan does not constitute infringement, and neither a jury nor this Court (until now) has decided the issue. Lastly, SportFuel's suggestion that Gatorade must have acted in bad faith because it "mysteriously" failed to produce any internal documents approving the rollout of the slogan is mere speculation; as such, it is insufficient to give rise to a genuine factual dispute. *See, e.g.*, *Liu v. T & H Mach., Inc.*, 191 F.3d 790, 796 (7th Cir. 1999) ("A party must present more than mere speculation or conjecture to defeat a summary judgment motion."). In sum, SportFuel has failed to offer evidence that would support a reasonable inference that Gatorade acted in bad faith.

SportFuel has not adduced evidence that gives rise to a genuine factual dispute on any of the three elements of the fair use defense. Even when all reasonable inferences are drawn in SportFuel's favor, it remains the case that no reasonable jury could find that Gatorade's use of the phrase "Sports Fuel" in its slogan "Gatorade The Sports Fuel Company" is anything other than a fair use. The Court therefore concludes that because Gatorade's use of that phrase in its slogan is a fair use protected under

14

the Lanham Act, summary judgment is warranted on all of SportFuel's claims.  *See Packman*, 267 F.3d at 643.  Having determined that summary judgment is warranted on this ground, the Court need not address the parties' arguments on the issue of likelihood of confusion.  *See KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 124 (2004) (a defendant invoking the fair use defense need not establish that its use of the mark in question will not cause consumer confusion).  Accordingly, the Court denies as moot Gatorade's motions to exclude the expert testimony and survey evidence of Hollander and Berger regarding likelihood of confusion.

## Conclusion

For the foregoing reasons, the Court grants defendants' motion for summary judgment [dkt. no. 44] and directs the Clerk to enter judgment in favor of defendants and against plaintiff.  Defendants' motions to exclude the testimony and survey evidence of SportFuel's expert witnesses [dkt. nos. 50 and 54] are denied as moot.

_____
MATTHEW F. KENNELLY
United States District Judge

Date:  June 14, 2018